**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 05-5015**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILBUR EDDIS CLINE,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry F. Floyd, District Judge. (CR-04-1066)

─────────

Submitted: March 30, 2006          Decided: April 6, 2006

─────────

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Hervery B. O. Young, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wilbur Eddis Cline appeals his conviction and 180-month sentence imposed after he pled guilty to conspiracy to possess with intent to distribute and to distribute more than five hundred grams of cocaine and more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (2000). Cline's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that, in his view, there are no meritorious issues for appeal. Cline was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Cline's guilty plea. Because Cline did not move in the district court to withdraw his guilty plea, we review his challenge to the adequacy of the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the Rule 11 hearing leads us to conclude that the district court fully complied with the requirements of Rule 11. We therefore find no plain error in the court's acceptance of Cline's guilty plea.

Next, counsel raises as potential issues whether the district court properly classified Cline as a career offender pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (2004), and whether, in light of United States v. Booker, 543 U.S. 220 (2005), such classification violates the Sixth Amendment. Cline did not

- 2 -

object in the district court; thus, we review for plain error. United States v. Harp, 406 F.3d 242, 245 (4th Cir.) (stating standard of review), cert. denied, 126 S. Ct. 297 (2005).  We conclude that the district court properly designated Cline as a career offender.  See id. (discussing elements of USSG § 4B1.1(a)).  We also find that Cline's Sixth Amendment argument is foreclosed by our decision in United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005).

Counsel also suggests that the district court erred in sentencing Cline to a 180-month sentence.  Our review of the record convinces us that the district court properly calculated the advisory sentencing guideline range, which included a downward departure under USSG § 5K1.1, p.s., based upon Cline's substantial assistance, and that the sentence is reasonable.  See United States v. Moreland, 437 F.3d 424, 432-33 (4th Cir. 2006) (discussing process in which district courts must engage to sentence defendants post-Booker); United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006) ("[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable.") (internal quotation marks and citation omitted).

Finally, with regard to Cline's suggestion that counsel provided ineffective assistance, we "may address [such claims] on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record."  United States v. Baldovinos, 434 F.3d

233, 239 (4th Cir.), <u>cert. denied</u>, __ U.S. __, 74 U.S.L.W. 3474 (U.S. Feb. 21, 2006) (No. 05-8667). Because counsel's ineffectiveness does not conclusively appear from the face of the record, we decline to review this claim on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Cline's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>